Singleton *v.* Fritsch.

4L  93
11L 221
13L 304

R. L. SINGLETON, County Court Clerk, *v.* L. FRITSCH.

PRIVILEGE TAX. *Merchant Tailor.* The merchant tailor or his .agent who sells by sample, taking measures and sending the clothing from another State, is liable to the privilege tax.

FROM BEDFORD.

Appeal in error from the Circuit Court of Bedford County. R. CANTRELL, J.

Attorney-General LEA, for Singleton.

T. B. IVIE, for Fritsch.

TURNEY, J., delivered the opinion of the Court.

We adopt the opinion of Judge Robert Cantrell, the Circuit Judge, as the opinion of this Court.

"The agreed case submitted to the Court presents two questions: 1st. Is the defendant liable for a privilege tax for carrying on the business of selling

clothing under the circumstances as set forth in the written agreement? 2nd. Had the officer who distrained the goods a right to sell them upon giving ten days' notice, or should he have given a non-resident notice through the newspapers?

"The first Act that has any particular bearing upon the question was passed in 1867–8, and is brought into the Code and is found in section 553*a*, sub-sec. 43, and reads as follows : "All peddlers of sewing machines, or selling by sample, shall pay a tax of $10."

"The next Act bearing upon the questions at issue was passed on the 18th of January, 1870, chap. 45. The second section of said Act provides, "That hereafter merchants shall pay an *ad-valorem* tax upon the capital invested in their business equal to that levied upon all taxable property, and the term merchant, as used in this Act, indicates all persons or copartnerships engaged in trading or dealing in any kind of goods, wares and merchandise, either on land or at any steamboat, wharfboat, or other craft, stationed or plying in the waters of this State, and whether such goods, wares and merchandise be kept on hand for sale, or the same be purchased and delivered for profit as ordered; but nothing in this Act contained shall in anywise affect the collection of privilege taxes upon avocations declared by section 550 of the Code to be privileges, except the business of selling merchandise upon commission." Acts of 1870, pp. 58-9.

"The next Act that. I find bearing upon the

Singleton *v.* Fritsch.

questions at issue was passed March 25th, 1873. Chapter 118, Acts of 1873, page 168, section 46 of said Act reads as follows: Be it further enacted, that the occupations and business transactions that shall be deemed privileges and be taxed, and not pursued or done without license, are the following, viz: Merchants, commission (wholesale or retail); * * * hucksters and sample sellers; * * * selling by sample."

"Under the provisions of the foregoing Acts there can be no doubt as to the liability of all persons engaged in the sale of merchandise to pay a privilege tax. But it is insisted that the Act of 1877, chap. 93, repeals so much of the law as applies to the occupation of selling goods by a merchant tailor where the suits are ordered by the consumers and the sale made by sample, and this presents the main question to be determined. In construing a statute, we must first examine into the old law and see what that was. Second, we must examine and see what mischief or injustice there was in the old law. Third, we must see what remedy was intended to be afforded by the new statute.

"We find that under the old law commercial agents, known as drummers, were taxed for the privilege of exhibiting samples and taking orders from the various merchants in the State to be filled by jobbers. The merchant received his goods, and before he could sell he had to pay an *ad-valorem* and privilege tax for the same goods, making a double tax upon the same goods. To remedy

this real or apparent hardship, the Act of 1877 was passed, repealing so much of the Act of 1867-8 as taxed drummers, which Act is contained in section 553a, sub-sec. 43, of T. & S. Code.

"The term 'drummer' has acquired a common acceptation, and is applied to commercial agents who are travelling for wholesale merchants and supplying the retail trade with goods, or rather taking orders for goods to be shipped to the retail merchant, upon which merchandise the State collects her revenue. The merchant tailor who takes measures and supplies the citizen with clothing has never been known or recognized as a drummer, and the Legislature certainly never intended to release the merchant tailor from all tax provided he would take the measure of the citizen in this State and send the goods from another State. I am clearly of the opinion that was not the intention of the Act of 1877. I do not think that the Act of 1877 repealed the Act of 1870, chap. 45, and Act of 1873, chap. 118, or so much of said Acts as levy a tax on merchant tailors.

"I therefore hold that the action of the Clerk in issuing his distress warrant was fully authorized. I am also of opinion, and so hold, that sections 704, 705 and 706 of the Code fully warrant the Clerk and officer in the proceedings taken, and that the ten days' notice given by the constable for the sale of the goods was all that the law required.

"It is therefore adjudged by the Court that the

law is clearly with the plaintinff, and that the defendant is liable for the tax claimed by the Clerk, Singleton."